EULALIA MONJE, Plaintiff and Appellant, *v.* CEFERINO OSORIO AYALA ET AL., Defendants and Appellees.

No. 4634. Argued January 20, 1931.—Decided April 22, 1931.

*R. Sancho Bonet* for appellant. *G. Cruzado Silva* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an action of revendication in which judgment was rendered against the plaintiff. It is alleged in the complaint that the plaintiff owns a property of twenty-five acres (*cuerdas*) located in Loíza, which he purchased "from the Peterson sisters about thirty years ago"; that in 1904 the plaintiff segregated therefrom and leased to Amalio Cepeda a parcel containing eight acres "and one year later Ceferino Osorio Ayala and his wife, Demetria Sánchez, occupied said parcel

against the will of the said plaintiff''; that in 1907 Osorio, falsely alleging that he had acquired the said eight acres from Cepeda, prosecuted a dominion title proceeding and obtained an adjudication of ownership in his favor and that the same be recorded in his name in the registry; that several years later Osorio removed the fence of the said parcel and thereby seized ten additional acres from the property of the plaintiff; and that when the Osorio spouses learned that the plaintiff was to file a suit, they fictitiously conveyed the said piece of property to the other defendants, the Suárez spouses.

The defendants in their answer denied all prejudicial averments of the complaint and set up that the Osorio spouses had held possession of the parcel of eight acres by purchase from Amalio Cepeda; that in 1905 they prosecuted a possessory title proceeding and in 1906 a dominion title proceeding wherein their rights to the said parcel were adjudicated, and the order issued in the latter proceeding was recorded in the registry of property; that the Osorio spouses also occupied a piece of property measuring three and one-half acres, two acres of which had been purchased by them from Amalia Cepeda and one and one-half acres from the plaintiff herself, and that on January 16, 1922, by a public deed they had sold, for a valuable consideration, both the parcel of eight acres and that of three and one-half to the other defendants, the Suárez spouses.

The issue having thus been joined, the case went to trial and considerable evidence, both documentary and oral, was introduced. As we have said, the district court rendered judgment against the plaintiff, and in its statement of the case and opinion it expressly declared that it gave no credence to the testimony of the plaintiff.

We have carefully examined the evidence and in our opinion the title of the defendants to the parcel of eight acres was fully established. We shall not dwell upon the alleged fictitious sale from the Osorio to the Suárez spouses.

Perhaps that transaction was as alleged, but even so it would not affect in any way the title of the plaintiff if the former spouses could show, as they did, a good title in themselves traceable to the plaintiff. The latter testified that she had acquired by purchase from the Peterson sisters. Both this averment and the evidence thereon were too vague; but this fact is also immaterial inasmuch as the defendants derived their title from the plaintiff.

There was introduced in evidence a private instrument, dated in 1899 and signed by the plaintiff, from which it appears that the plaintiff sold the eight acres to Amalio Cepeda for the sum of $45; also the original record of a possessory title proceeding, prosecuted in 1905 before the Municipal Court of Carolina, wherein it was shown that the defendant was in possession of the eight acres as owner having purchased the same from Amalio Cepeda. The said proceeding was notified to the petitioner's predecessor in title, Cepeda, who stated that, inasmuch as what was averred by Osorio in the petition was true, he had no objection to offer to petitioner's demand. The plaintiff was also cited as an adjoining property owner. The said proceeding was not recorded in the registry. But the dominion title proceeding, prosecuted by Osorio before the District Court of San Juan in connection with the same eight acres, and decided in his favor by a judgment rendered on February 11, 1907, was recorded.

The evidence as to the eight acres is therefore complete. There was an attempt made to attack the said private instrument upon the claim that the transaction was a lease, and not a sale to Cepeda. The plaintiff and other witnesses so testified, but their testimony is so vague and so strongly contradicted by the instrument itself, by the subsequent open conduct of Cepeda and of Osorio, and by the inaction on the part of the plaintiff throughout so many years while living in the same property, that no other conclusion than that reached by the trial court can be drawn. The fact that by

virtue of the testimony taken it was set forth in the judgment entered in the dominion title proceeding, that the petitioner had acquired the said property in "1905 by purchase from Amalio Cepeda and that the latter had in turn acquired the same also by purchase from Eulalia Monje, having held possession thereof for more than twenty years," whereas it has been shown herein that Cepeda held possession for only six years, is not sufficient to declare the dominion title proceeding null and void as being false, since it is inferrable that said possession for twenty years includes that held by Cepeda himself as well as the occupancy of the premises by his predecessors in interest, plaintiff Eulalia Monje and the Peterson sisters.

As to the other land claimed, namely, the parcel of ten acres of which the defendants are alleged to have taken possession by removing the fence, there is really no evidence which might be taken into consideration.

In the first place, that parcel was not even described in the complaint. Some witnesses testified at the trial that Osorio held possession of it. They were asked to give the reason for their statement and they answered thus: "The property of the plaintiff contained twenty-five acres; she has only seven; therefore Osorio must have eighteen, that is, the parcel measuring respectively eight and ten acres." Neither expert evidence nor evidence of any survey was produced.

Osorio admitted in his deed of transfer to the Suárez spouses that he was in possession of the eight acres and also of the three and one-half acres, and on this point he testified at the trial consistently with what he had averred in his answer, namely, that he had acquired said three and one-half acres; two by purchase from Cepeda and one and one-half by purchase from the plaintiff. He did not produce any instrument showing these purchases. The evidence adduced is very weak. The three and one-half acres, or at least

the parcel of one and one-half acres, is perhaps what Osorio holds without any right thereto, what he may have seized by removing the fence; but, even so, how could a judgment in favor of the plaintiff be rendered when the exact portion that must be restored has not been identified by proper evidence? In actions of this kind expert evidence, surveys, plats, are really important. At least defendant Osorio, while testifying at the trial, could have been asked to describe and locate both parcels, and perhaps the court would then have been in a position to enter a judgment of recovery as to the three and one-half acres or the one and a half acres. But the question of credibility would have always remained, for here we have the fact of actual possession held by Osorio and his grantor, coupled with Osorio's assertion under oath that he had bought from the plaintiff, as against the statement of the plaintiff, also under oath, to the effect that she did not sell any land.

Under any aspect of the case, it must always be concluded that the complaint can not be sustained. In order that an action of revendication can be successfully exercised it is essential that the plaintiff establish not only the title of ownership under which he claims the property sought to be recovered, but also the identity of the property itself. The plaintiff proved his title to a certain rural property. There are some intimations that that property contained twenty-five acres, but the evidence is not authentic. It was also shown that the defendants have been in possession of eleven and one-half acres, of which nine and one-half acres, as they admit, are traced to the property of the defendant. As to eight acres, they have shown a clear dominion title, derived from the plaintiff herself. With respect to the remaining one and one-half acres they have adduced slightly strong evidence which was opposed by evidence that was also weak and of doubtful credibility. But even if this conflict were adjusted in favor of the plaintiff, there would still be lacking grounds for rendering a judgment of recovery, inasmuch as

the plaintiff has not complied with the requirement as to identification.

The judgment appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.